## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

TROY CHILDERS
Pro Se Litigant,

              plaintiff,

V.

RALPH NORTHAM, Governor of
The Commonwealth of Virginia,
In his personal and official capacities,

MARK HERRING, Attorney General
of The Commonwealth of Virginia,
In his personal and official capacities,

CRAIG M. BURSHEM, Deputy
Commissioner, Director, Division of
Child Support Enforcement,
Commonwealth of Virginia,
In his personal and official capacities,

DAVID J. WHITTED, Judge at The
Chesapeake Juvenile and, Domestic
Relations District Court,
In his personal and official capacities,

              defendants.

Case Number: _2:19cv 9_

Questions The Constitutionality of State Statutes

Habeas Corpus

Writ of Mandamus

Injunctive Relief

Requesting Oral Argument

Request For Expedited Hearing

Motion For Expedited Consideration

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

_____

TROY CHILDERS,

plaintiff,

V.

RALPH NORTHAM, Governor of The Commonwealth of Virginia, in his personal and official capacities, MARK HERRING, Attorney General of The Commonwealth of Virginia, in his personal and official capacities, CRAIG M. BURSHEM, Deputy Commissioner, Director, Division of Child Support Enforcement, Commonwealth of Virginia, in his personal and official capacities, DAVID J. WHITTED, Judge at The Chesapeake Juvenile and, Domestic Relations District Court, in his personal and official capacities,

defendants.

_____

Questions The Constitutionality Of State Statutes/Petition For Writ of
Habeas Corpus/Petition For Writ of Mandamus/Request For Injunctive Relief

_____

REQUEST FOR EXPEDITED HEARING

REQUEST FOR ORAL ARGUMENT

MOTION FOR EXPEDITED CONSIDERATION
_____
INFORMAL BRIEF FOR THE UNITED STATES

TROY CHILDERS                  Case Number: __2:19 cv 9__
Pro Se Litigant
4006 Morris Court
Chesapeake, VA 23323
 (757) 266-3988

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE----------------------------------------------------1

II. PRELIMINARY STATEMENT---------------------------------------------------2

A. 45 CFR 303.6----------------------------------------------------------------9

B. TRAUMATIC EVENT-------------------------------------------------------11

III. STATEMENT OF FACTS------------------------------------------------------13

IV. FEDERAL QUESTIONS-------------------------------------------------------28

V. REQUEST FOR RELIEF-------------------------------------------------------33

# The Parties To This Complaint

**A.**     The plaintiff:

| | |
|---|---|
| Name: | Troy Childers |
| Address: | 4006 Morris ct. |
| | Chesapeake, VA 23323 |
| Phone: | 757-266-3988 |
| Email: | jeffchilders4@gmail.com |

**B.**     The defendants:

Defendant No. 1

| | |
|---|---|
| Name: | Ralph Northam |
| Job or Title: | Governor of Virginia |
| Address: | 1111 East Broad St., |
| | Richmond, VA 23219 |
| Mailing Address: | P.O. Box 1475 |
| | Richmond, VA 23218 |
| Phone: | (804) 786-2211 |
| Email: | ralph.northam@governor.virginia.gov |

Defendant No. 2

| | |
|---|---|
| Name: | Mark Herring |
| Job or Title: | Attorney General of Virginia |
| Address: | 202 North Ninth Street |
| | Richmond, Virginia 23219 |
| Phone: | (804)786-2071 |
| Email: | mailoag@oag.state.va.us |

Defendant No. 3

| | |
|---|---|
| Name: | Craig M. Burshem |
| Job or Title: | Deputy Commissioner, Director of |
| | The Division of Child Support Enforcement |
| Address: | 801 East Main Street |
| | Richmond, VA 23219-2901 |
| Phone: | 804-726-7417 |
| Email: | Craig.burshem@dss.virginia.gov |

1

Defendant No. 4

Name:   David J. Whitted
Job or Title:   Judge at The Chesapeake Juvenile and, Domestic Relations District Court,

Address:   301 Albemarle Drive
Second Floor
Chesapeake, VA 23322-5501
Phone:   (757) 382-8100
Email:   Unknown

**2**

# I. JURISDICTION AND VENUE

The plaintiff, Troy J. Childers is a citizen of the United States and a resident of Virginia. There is no adequate remedy by appeal or other action that will ensure that the plaintiff's constitutional rights are protected in this matter.

The defendants have acted under the color of the law while annihilating the plaintiff's right to due process defined by the Fifth and Fourteenth Amendments of the United States Constitution. This complaint will affirm acts of encroachment under 42 U.S. Code § 1983.

This district court has jurisdiction due to the defendant's blatant failure to implement the correct procedural safeguards outlined under the newly revised federal statute 45 C.F.R.§ 303.6 (2016).

The plaintiff seeks redress from the deprivation of his rights under 28 U.S. Code § 1343 which protects citizens from those who harm while operating under color of state law.

The Venue is appropriate under 28 U.S. Code § 1391.

**1**

## II. PRELIMINARY STATEMENT

The Attorney General's Office of Virginia appointed an assistant attorney to represent the Division of Child Support Enforcement in the case against the plaintiff, Troy J. Childers. Due to the actions of this assistant attorney involved in the indigent plaintiff 's child support case; Mr. Childers has never been granted the opportunity to prove the ability to pay or the inability to pay which is assured by federal law.

The assistant attorney appointed by the Virginia Attorney General's Office has willfully neglected to implement the procedures mandatory in civil contempt proceedings under 45 CFR 303.6. The procedural safeguards are outlined by The U.S. Supreme Court in Turner v. Rogers, 564 U.S. 431, 454, 131 5 S. Ct. 2507, 2523 (2011). These procedural protections are critically important because the majority of individuals in arrearages on child support are indigent and thus precautionary measures must be taken. The court instituted none of these safeguards for Mr. Childers.

There have been NO statutory revisions to Virginia statutes § 16.1-278.16,  § 16.1-292 or § 16.1-278.15. Under these statutes, noncustodial parents who are Indigent can still be incarcerated unconstitutionally. State laws currently conflict with 45 CFR 303.6.

2

The plaintiff's indigence has already been established under Virginia statute § 19.2-159. Despite this fact, the plaintiff is now faced with the current threat of unconstitutional incarceration.

The U.S. Supreme Court established in *Bearden v. Georgia* that it is a violation of the Fourteenth Amendment's Equal Protection and Due Process clauses to jail a person for nonpayment if the court does not first provide a hearing on that person's ability to pay. *Bearden v. Georgia* 461 U.S. 660, 672, 103 S. Ct. 2064, 2073 (1983)

The U.S. courts have addressed this fact repeatedly in such cases as *Hicks v. Feiock* where it was stated that a court may not impose punishment "in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." Id. At 442 (citing *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9, 108 S.Ct. 1423 (1988)).

Mr. Childers has been restricted by the court from defending himself against a false statement made by the assistant attorney appointed by the Virginia Attorney General's Office.

**3**

The assistant attorney general involved in Mr. Childers's child support case makes a false claim that evidence exists proving that Mr. Childers has the ability to pay. This false statement is made despite the fact that no assessment has ever been performed and no factual evidence has been presented to the court.

The assistant attorney general conveniently makes this statement at the end of the plaintiff 's pleading where at this time; he is restricted from defending himself.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting) *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). See also *Fahle v. Cornyn*, 231 F.3d 193, 196 (5th Cir. 2000); *Crowe v. Smith*, 151 F.3d 217, 230-31 (5th Cir. 1998).

In multiple court hearings, the same false statement has been made by the assistant attorney general using the same tactic with no actual evidence. Mr. Childers's income has been entirely based on this false statement.

**4**

Mr. Childers has been denied his constitutional rights that are offered to indigent parents facing incarceration under 45 CFR 303.6. Indigent discrimination law strictly forbids this type of injustice. See, e.g., *McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 251 (1972) ("[T]here is no justification for confining on a civil contempt theory a person who lacks the present ability to comply.").

By refusing to make an assessment of Mr. Childers's current ability to pay the assistant attorney general has violated the plaintiff's civil rights under The Fourteenth Amendments of the United States Constitution.

Furthermore, the trial Judge in this matter has made the firm statement that he will incarcerate Mr. Childers on his next court date if he does not fully comply with the order even though his indigence has already been established under Virginia statute § 19.2-159. See **exhibit I** for proof.

Mr. Childers is forty-three years old; he has little money, no property, and no assets to liquidate. He is riddled with depression and mental distress. Mr. Childers will lose the room at his sister's house and become homeless if incarcerated. He is poor and is struggling to pay for basic needs.

5

Mr. Childers donates plasma regularly just to pay for basic life essentials. The plaintiff's record of plasma donations are listed in **exhibit A**.

Due to the fact of Mr. Childers's indigency and impoverished lifestyle, he struggles to pay the amount of child support ordered. The court has never used the state guidelines in his child support determination.

When the plaintiff seeks out help from his court-appointed attorney he was advised that he must comply with the order. When the plaintiff mentions the federal statute 45 CFR 303.6 to his court-appointed attorney and asks why the procedural safeguards are not implemented the court-appointed attorney states that he is unfamiliar with federal law and refuses to use federal law in his defense pleading.

Mr. Childers has provided testimony about the procedures enforced by 45 CFR 303.6 and has also attempted to ask the court why the procedural safeguards are not being implemented on more than one occasion.

Mr. Childers has not been asked to fill out any type of income statement or provide any financial information before the threat of incarceration which is required by federal law. Case law proves this action eradicates an individual's constitutional rights.

**6**

("In the setting of a contempt hearing for the nonpayment of child support, a party loses his personal freedom only after the court determines that he has the ability to comply with the child support order but failed to make an effort to do so.") (emphasis added); *Rodriguez v. Robbins*, 804 F.3d 1060, 1075–76 (9th Cir. 2015)

A court thus violates the non-custodial parent's right to due process under the Fourteenth Amendment to the US Constitution when it imposes a civil contempt sentence of incarceration if the alleged contemnor has no present ability to pay. See *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 811, 102 P.3d 41, 50 (2004)

Mr. Childers has been deprived of his constitutional rights even after he has cited 45 CFR 303.6 in court. His testimony has been ignored and perceived to be unusual as if federal law has no place in state court.

("If compliance is impossible—for instance, if the individual lacks the financial resources to pay court-ordered child support—then contempt sanctions do not serve their purpose of coercing compliance and therefore violate the Due 9 Process Clause."); *Shillitani v. United States*, 384 U.S. 364, 371, 86 S. Ct. 1531, 1536 (1966)

**7**

However, when a civil contempt order seeks to compel performance of an act that the alleged contemnor cannot perform, incarceration will not further – and may, in fact, frustrate – the court's goal of compelling compliance. See *United States v. Rylander,* 460 U.S. 752, 757, 103 S. Ct. 1548, 1552 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action.").

We review an order of contempt for an abuse of discretion. *Lewis v. Lewis*, 132 Nev. 453, 456, 373 P.3d 878, 880 (2016). An abuse of discretion occurs when the district court bases its decision on a clearly erroneous factual determination, *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004), or disregards controlling law, Bergmann v. Boyce, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

(". . . the justification for coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order."); *Elzey v. Elzey*, 435 A.2d 445, 448 (Md. 1981) "[W]ith regard to civil contempt proceedings based upon the defendant's failure to comply with a decree ordering support payments ..., the issue is not the ability to pay at the time the payments were originally ordered; instead, the issue is his present ability to pay.").

**8**

### A.) 45 CFR 303.6

I bring your attention to federal statute 45 CFR 303.6. The U.S. Supreme Court has explained that a careful assessment of an individual's ability to pay must be made prior to incarceration, and the Court outlined a number of procedural safeguards to be followed. *Turner v. Rogers*, 564 U.S. 431, 454, 131 5 S. Ct. 2507, 2523 (2011)

Section §303.6(c)(4) of the final rule requires the state child support agency to establish procedures for the use of civil contempt petitions.

Before filing a civil contempt action that could result in the noncustodial parent being sent to jail, states must ensure that the child support agency has screened the case to determine whether the facts support a finding that the noncustodial parent has the "actual and present" ability to pay or to comply with the support order. The Constitution prohibits courts from using their civil contempt power to jail defendants for failure to pay. See **exhibit B** for an overview of the final rule regarding civil contempt cases.

**9**

Some states have adopted an effective procedure where each time the noncustodial parent arrives at court the parent is required to fill out a financial statement under oath along with supplying any supporting documentation. This provides the court with factual information in regard to the noncustodial parent's current income. This assists the State courts with making a factual determination the noncustodial parent's current ability to pay.

Child support orders demand impossible sums from impoverished individuals, resulting in serial incarcerations for inability to pay, significant racial disparities in the numbers of people sent to jail for their inability to pay child support and the creation of debtors' prisons.

These regulatory requirements, the Department of Health and Human Services explained, "are designed to reduce the risk of erroneous deprivation of the noncustodial parent's liberty [], without imposing significant fiscal or administrative burden on the State." Flexibility, Efficiency, and Modernization in Child Support Enforcement Programs, 81 Fed. Reg. 93492, 93532 (Dec. 20, 2016)

**10**

**B.) TRAUMATIC EVENT**

Mr. Childers is also deeply affected by traumatic events that have happened in his life. One tragic event that he has experienced was on February 25, 1991. His three baby sisters passed away in a fire when he was fifteen years old. His sister's bodies were severely burned and only one of them survived but only for a short time. She was instantly declared brain dead and on life support at Norfolk General Hospital. He saw her badly burned body connected to life support machines. This has traumatized him and affects him in his everyday life.

This event, at the time, was widely publicized all over The United States. The evidence of this event is labeled **exhibit C** which contains articles from The Virginia Pilot Newspaper including photos.

Mr. Childers's first experience in a courtroom was when he was sixteen years old. He had to testify against his mother in a high profile case in Virginia Beach, VA.

**11**

This is just one of the traumatizing events in the plaintiff 's existence that proves that his life has been far from the norm. Mr. Childers has never been treated by a doctor or counseled by a professional. Mr. Childers did seek out help for his depression at Chesapeake Integrated Behavioral Healthcare. He lacked the motivation to show up at all the appointments. Mr. Childers's intake records from Chesapeake Integrated Behavioral Healthcare are labeled as **exhibit D.**

All of the things that are normal procedures of life Mr. Childers views as abnormal. Such as applying for government assistance, going to a doctor, applying for unemployment. These normal procedures of life are the only methods that can provide proof of his situation in a court of law.

Mr. Childers has lost his family, his business and has been through many tragic events. There are times that he will get motivated and make money but this has diminished over time.

**12**

Mr. Childers has attempted to modify his child support order on numerous occasions. He lacked the ability to pay an attorney and just filed the motions himself. Mr. Childers was told that he did not fill out the motion properly or he did not bring the proper documentation due to his ignorance of the process.

### III. STATEMENT OF FACTS

These facts highlight Mr. Childers's repeated pleas of indigence, and the lower courts' summary disregard of Mr. Childers's inability to pay. The facts in this complaint also raise multiple federal questions that relate to The United States Constitution.

On June 21, 2016; I was ordered to appear at The Chesapeake Juvenile and, Domestic Relations District Court for a civil contempt show cause hearing. Before this date, I had learned about the newly revised law 45 CFR 303.6. However, at this time I was unaware that the compliance date for this federal statute was on February 21, 2017.

**13**

When I provided testimony on June 21, 2016; I explained the final rule revision of 45 CFR 303.6(c)(4) and the procedures that are not being implemented to Judge Rufus A. Banks. Judge Rufus A. Banks then made the statement that federal law is irrelevant because state statutes are created to comply with all federal laws. This statement was false because there is no wording in Virginia code 16.1-292 or 16.1-278.16 that provides an exception or implies that the ability to pay is a critical issue in a civil contempt proceeding. In my pleading on June 21, 2016; I stated that I do not have the ability to pay the full amount of one thousand eighty-five dollars and seventy-five cents ($1085.75) each month. I told the court that I try my best to pay as much as possible. Even though Judge Rufus A. Banks did not acknowledge federal law on this day; he has always been fair and has listened to my testimony.

The Virginia Attorney General's Office appointed an assistant attorney to represent the Division of Child Support Enforcement on June 21, 2016. The same assistant attorney general has been involved in my child support matters for some time. His name was later revealed to me by my court-appointed attorney on Jan. 2 2019.

**14**

On Jan. 2 2019, my court-appointed attorney said that he wrote the assistant attorney general's name down in his notes at my last court date. He was identified as Alvin Whitley by my court-appointed attorney, Brian A. Thomasson.

The assistant attorney general, identified later to me as Alvin Whitley was representing The Division of Child Support Enforcement during my show cause hearing on June 21, 2016. After pleading my case on June 21, 2016, I already had my turn to defend myself and I was no longer allowed to speak. This of course, is the normal processes of litigation. The assistant attorney general surprisingly made the statement to the Judge that there is evidence proving that I have the ability to pay. When this statement was made I was finished pleading my case. It was impossible to defend myself against this statement. Within seconds after Alvin Whitley, made this statement the Judge made his ruling. You do not even have much time to react to this statement and it is impossible to provide any defense as you have already had your turn to plead your case. You are not allowed to even ask the questions "what evidence?" or "can you please show me?".

**15**

On that same day of June 21, 2016, I was convicted of civil contempt and was sentenced to a six month suspended sentence by Judge Rufus A. Banks. The evidence of this court date is labeled **exhibit E.**

On March 6, 2018, I went to a preliminary hearing on a show cause matter where I was being charged with civil contempt at The Chesapeake Juvenile and, Domestic Relations District Court. On this day in court, I was asked if I could afford an attorney. I answered no to this question and an indigency determination in pursuant to § 19.2-159 was made on March 6, 2018. I signed the statement of indigency form dc-334 on March 6, 2018. A copy of this form is labeled **exhibit I.** On the bottom right section of this form it has the date of my next court hearing which was set for trial on July 10, 2018.

On this day of March 6, 2018, the court appointed me an attorney named Brian A. Thomasson. Brian A. Thomasson also signed the statement of indigency form dc-334. On this form, it states that my financial statement accompanies this request. I Troy J. Childers have no memory of ever filling out any type of financial statement. On this form, it is marked that I am an adult who is indigent. I did not mark this section; someone else did.

**16**

At this time I did not even know what the form dc-334 was or what purpose it served. The documentation of the March 6, 2018 court date is labeled **exhibit F**.

Proof that I face the threat of incarceration is located on form DC-635. The DC-635 form has the date of January 25, 2018, and on this DC-635 form, the option is marked which states that the defendant should be imprisoned, fined or otherwise dealt with according to law. This form was attached to my court documents which have the date of March 6, 2018. The DC-635 form is labeled **exhibit G**.

On July 10, 2018, I went to a show cause trial hearing at The Chesapeake Juvenile and, Domestic Relations District Court. The trial was to determine if I should be charged and convicted of civil contempt because I could not comply with my child support order. The child support amount of one thousand eighty-five dollars and seventy-five cents ($1085.75) was ordered on May 1, 2015. Eight hundred thirty-five dollars and seventy-five cents ($835.75) were to go towards the child support. Two hundred and fifty dollars ($250.00) was set to go towards the arrears.

**17**

Although this amount was lower than the previous child support order it was a deviation from the state guidelines that I have struggled to pay. See the evidence attached as **exhibit H**.

On July 10, 2018, I learned that Judge Rufus A. Banks Jr. had been promoted and now I had Judge David J. Whitted assigned to my case. I was already determined to be indigent under the Virginia statute § 19.2-159 and because of this fact I had a court-appointed attorney assigned to my case.

Before my case commenced on July 10, 2018, I discussed the final rule revision of 45 CFR 303.6(c)(4) and the procedures that are not being implemented in The Chesapeake Juvenile and, Domestic Relations District Court with my court-appointed attorney, Brian A. Thomasson.

I wanted to know why these procedures were not being implemented because according to 45 CFR 303.6 a current income determination had to be enacted before a trial that could lead to incarceration could commence. My court-appointed attorney, Brian A. Thomasson, stated that he was unfamiliar with federal law and implied that he could not use this information in my defense due to this fact.

**18**

On July 10, 2018, my court-appointed attorney, Brian A. Thomasson, also states that he was only familiar with state law but he knew other attorneys that were more educated in federal matters.

When I gave testimony on July 10, 2018, I again explained the final rule revision of 45 CFR 303.6(c)(4) and the procedures that are not being correctly implemented to Judge David J. Whitted. My testimony was completely ignored by the Judge.

It was as if the Judges, and the Attorneys that practice law in The Chesapeake Juvenile and, Domestic Relations District Court believe that federal law has no place in state family court.

When I testified to these facts, Judge David J. Whitted became very hostile and threaten to have me arrested by stating that there are consequences for your actions because he felt that I spoke out of turn. I was simply trying to plead my case because my court-appointed attorney refused to use federal law in my defense due to his limited knowledge of 45 CFR 303.6(c)(4), and as of a result of his unfamiliarity with federal law in general. When the Judge made this statement a deputy also moved closer to me. This was an unnecessary intimidation tactic.

**19**

On this day the assistant attorney general, Alvin Whitley made the statement to the Judge that he does not request for me to be incarcerated at this time. This statement is the only thing that saved me from being unconstitutionally incarcerated on July 10, 2018.

**THREAT OF UNCONSTITUTIONAL INCARCERATION**

On the day of July 10, 2018, Judge David J. Whitted, made the statement that if I do not pay the full amount of the child support order for the next six months that he will incarcerate me for civil contempt on the next hearing date of January 15, 2019.

On this day of July 10, 2018, I testified under oath that the amount of the child support order is way too high and to the fact that I lack the ability to pay the full amount, therefore, I can not comply with the order.

Judge David J. Whitted ignored factual testimony about the final rule revision of 45 CFR 303.6(c)(4) along with the procedures that are not being implemented correctly in his court.

To incarcerate an indigent person on a charge of contempt simply for not paying the full amount each month is unlawful and unconstitutional. I have been making payments as much as I can.

**20**

The only thing Judge David J. Whitted responded to was the high amount of the arrears and he seemed anxious to incarcerate me while stating that there is no excuse.

State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).

On July 10, 2018, near the end of my hearing, the assistant attorney general, Alvin Whitley once again states there is evidence that I have the ability to pay. This statement was impossible to defend against because Judge David J. Whitted had threatened to have me arrested if I were to speak again. This statement by Alvin Whitley was a baseless statement of NO fact.

I have never been asked for any financial information in matters of civil contempt as federal law requires. There has been no screening of my current financial situation or any type of investigation before this hearing on July 10, 2018. This is a clear violation of 45 CFR 303.6.

The day of July 10, 2018, after trial my court-appointed attorney, Brian A. Thomasson, states that I must comply with the order.

**21**

The case was continued for a review date of January 15, 2019, where I would then face the threat of unconstitutional incarceration in a courtroom where federal law has no precedence. The procedural safeguards that are outlined by The U.S. Supreme Court in *Turner v. Rogers*, 564 U.S. 431, 454, 131 5 S. Ct. 2507, 2523 (2011) are not being implemented in my case at the Chesapeake Juvenile and, Domestic Relations District Court. This is a clear fact.

On January 2, 2019, I went to the clerk's office at the Chesapeake Juvenile and, Domestic Relations District Court to obtain a record of the July 10, 2018 court date so that it could be attached to this complaint. The clerk at the Chesapeake Juvenile and, Domestic Relations District Court states on January 2, 2019, that the case was dismissed on July 10, 2018, and that she has no documentation that she could supply me with so that I could prove this court date. She also states there were no documents and that sometimes they will just verbally provide a court date. To prove this court date I have the statement of indigency form dc-334 from March 6, 2018, labeled **exhibit I.** On this form it has the date of July 10, 2018, listed as my next hearing date located on the bottom right section. I also had a witness with me on this day.

**22**

Nirvana Childers is the witness and she was with me during the entire ordeal. Nirvana Childers will testify under oath to prove the facts in this complaint. She will testify to prove that these statements in this complaint made by the assistant attorney general, Alvin Whitley, Judge David J. Whitted and my court-appointed attorney, Brian A. Thomasson were in fact made on July 10, 2018. The witness information for Nirvana Childers is located on **exhibit W**.

January 15, 2019, is my next hearing date which is the same day that Judge David J. Whitted states that he will incarcerate me if I do not fully comply with the order. I will face the threat of being incarcerated unconstitutionally on this day of January 15, 2019.

Alecia Lowe

On January 2, 2019, the clerk at the Chesapeake Juvenile and, Domestic Relations District Court states that she has no court summons or any other documentation that she can provide me with to prove that my next hearing date is on January 15, 2019. I asked for this proof so that I could attach it with this complaint.

23

My proof of the upcoming court date on January 15, 2019, which is the day that I will face the threat of unconstitutional incarceration is located on **exhibit J.** Exhibit **J** is a letter that I received by mail from my court-appointed attorney, Brian A. Thomasson providing me with a notice of my next hearing on January 15, 2019. However, the letter states that my case name is *Judita Byrne v. Troy Childers.* I do not know who the person named Judita Byrne is. On January 2, 2019, Brian A. Thomasson confirmed that this was just a common mistake. On this day Brian A. Thomasson states that the letter should have displayed the case name of *Jessica Childers v. Troy Childers*. This letter was written on July 18, 2018. There is proof of my upcoming court date on January 15, 2019, which is labeled **exhibit J** but the case name on this letter is a mistake.

I also have a witness named Russell S. Fryske, who I have never met. He claims that his constitutional rights were violated in The Chesapeake Juvenile and, Domestic Relations District Court. He sent me a letter on Facebook electronically signed by Russell S. Fryske. The letter is labeled **exhibit K**. He also told me by phone that he will testify to the facts of his claims in a court of law.

**24**

What I want to covey here with the provided facts in this complaint is how federal law is interpreted and perceived in the Chesapeake Juvenile and, Domestic Relations District Courts. It seems to be an enigma as if federal law has no place in state courts.

Some attorneys practice federal law and other attorneys practice state law. Attorneys who practice state law are well versed in the laws and procedures of the state. The Attorneys that practice state law have limited information about federal law or just choose not to care because federal law is not commonly used state cases more specifically in matters of the family court. This is a commonality with attorneys who practice state law cases in family courts.

I learned this fact on July 10, 2018, when I tried to discuss the procedural safeguards outlined in 45 CFR 303.6(c)(4) with my court-appointed attorney, Brian A. Thomasson.

25

The critical question is what is the value of having a right to counsel in a civil contempt proceeding if there are no state statutory requirements that accommodate 45 CFR 303.6 while also combined with the fact that your court-appointed lawyer may have little knowledge of federal law to the point that he or she is not comfortable with citing federal law in state court? Are you able to receive a fair trial?

This is the core reason why I seek relief. Even If I appeal my case in The Chesapeake Juvenile and Domestic Courts the procedural safeguards are not being implemented correctly so it will be impossible to protect me from unconstitutional incarceration.

The Chesapeake Juvenile and, Domestic Relations District Courts presume that a noncustodial parent has the ability to pay with no factual information that is required by 45 CFR 303.6.

"In terms of the incarceration for the civil contempt, Defendant "holds the keys" to his own jail cell" *United States v. Tankersley*, 277 F. Supp. 2d 908 (N.D. Ind. 2003)

**26**

Indigent parents are being incarcerated unconstitutionally despite revisions to federal law. They also keep indigent noncustodial parents in fear of incarceration which destroys their mental state and this very fact destroys their ability to pay. Low-income individuals are still being unlawfully punished despite the revisions made to 45 CFR 303.6.

I did not file this complaint to avoid my child support obligation. In fact, I sent almost all of my money to child support in October. I sent nine hundred and eighty-five dollars($985.00) to child support in October. Towards the end of November I sent one thousand and sixty dollars to child support. These two amounts are higher than what I usually am able to pay. Under the threat of incarceration I sent everything I had and I mainly live off of plasma donations each week. The payments that I made in October and November are labeled **exhibit L.** I have not been able to make any money in the month of December. I have been severely depressed as I am every year as holidays pass again without me seeing my kids.  To incarcerate me just because I am not paying the full amount is unconstitutional. When I am trying my best to send every dollar I can. This court has destroyed my mental state.

**27**

## IV. FEDERAL QUESTIONS AND VIOLATIONS

**Rule 5.1.** of the Federal Rules of Civil Procedure affirms that:

A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity

I hereby provide notice that this plaintiff questions the constitutionality of state statutes § 16.1-278.16,  § 16.1-292 and § 16.1-278.15 under rule 5.1. These state statutes deeply conflict with the 14th Amendment and 45 CFR 303.6. When laws of the state deprive an individual of a constitutional right it violates the very core of the 14th Amendment Section 1.

Where a state law impinges upon a fundamental right secured by the U.S. Constitution it is presumptively unconstitutional. Harris v. Mcrae, 448 U.S. 297    "where a statutory classification significantly interferes with the exercise of a fundamental right, constitutional scrutiny of state procedures is required." (1980); *Zablocki v. Redhail*, 434 U.S. 374 (1978)

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. See: *Minor v. Happersett*, 88 U.S. (21 Wall.) 162 (1875)

**28**

[COUNTS]

**VIOLATIONS**

45 CFR 303.6.

42 U.S. Code § 1983

28 U.S. Code § 1443

31 U.S.C. § 3729

When Alvin Whitley acts on behalf of the Virginia Attorney General's Office in a civil contempt action but does not implement the procedural safeguards outlined in *Turner v. Rogers*, 564 U.S. 431, 454, 131 5 S. Ct. 2507, 2523 (2011) he knowingly violates a federal statute. The trial court has yet to institute any of these safeguards enforced by 45 CFR 303.6.

I hereby give notice that to the best of my knowledge I have never been asked to fill out any type of financial information sheet or to provide any income information before or during my civil contempt proceedings.

In pursuant to the code of Virginia § 19.2-159 the plaintiff Troy J. Childers has already been determined to be indigent under state law. If willful actions engaged by the assistant attorney general lead to unconstitutional incarceration of an indigent party the Virginia Attorney General would be guilty of further violations federal law.

**29**

The Virginia Attorney General would also deprive a citizen of his civil rights assured by The United States Constitution.

Therefore, the Virginia Attorney General is guilty of violating 45 CFR 303.6 and 42 U.S. Code § 1983.

The Virginia Attorney General and The Division of Child Support Enforcement has acted unlawfully under 5 U.S. Code § 706 which states:

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Therefore, all of the defendants are guilty of a violation of federal statute 5 U.S. Code § 706.

**30**

When the assistant attorney general, Alvin Whitley makes false statements based of no fact that will cause an adverse decision affecting an indigent party then he will be guilty of multiple violations of due process and the right to a fair trial.

The assistant attorney general is also guilty of violations of the False Claims Act ("FCA") Statute at 31 U.S.C. § 3729, et seq.

The statements made by the assistant attorney general in the Chesapeake Juvenile and, Domestic Relations District Court are a construct of presumption which the indigent plaintiff has no opportunity to defend against. The assistant attorney general conveniently makes this statement just before a ruling by the judge in a time frame where Troy J. Childers has already pleaded his case. This invades this indigent party's right to a fair trial which is a direct violation of the due process clause.

When a litigation party is found to be indigent under the code of Virginia § 19.2-159 and is appointed counsel by the state combined with the fact that this council has ignorance of federal law but is versed laws of the state this will without a doubt diminish the possibility of a fair trial. This fact is proven further when laws of the state impinge on federal law.

**31**

Therefore, all of the defendants are guilty of violating 45 CFR 303.6 and 42 U.S. Code § 1983.

Judge David J. Whitted states that Mr. Childers must pay the full amount each month or Mr. Childers will be incarcerated on January 15, 2019. This type of action has already been proven to be unconstitutional in *Turner v. Rogers*, 564 U.S. 431, 454, 131 5 S. Ct. 2507, 2523 (2011). Mr. Childers is faced with the threat of unconstitutional incarceration on January 15, 2019, even though he has been paying what he can.

The Commonwealth of Virginia participates in a federal program in which it receives Title IV-D federal funds under the Social Security Act. As a condition of receiving such funds, it must comply with federal requirements and federal statutes. The mere mention of federal statutes in the Chesapeake Juvenile and, Domestic Relations District Court are ignored and disregarded. I have a right to a fair trial where both Federal and State laws are enforced.

The threat injury to the plaintiff outweighs any potential harm injunctive relief might cause to the defendant, and an injunction serves the public interest.

**32**

Relatedly, no harm to the public interest would result from issuing an injunction. Instead, "[u]pholding constitutional rights surely serves the public interest." *Cento Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 191 (4th Cir. 2013) (citation omitted); *Giovani Carandola*, Ltd., 303 F.3d at 521 (same).

## V. REQUEST FOR RELIEF

WHEREFORE, this plaintiff respectfully requests relief as follows:

1.)    Issue a subpoena for the discovery of any income documentation collected by the assistant attorney general, Alvin Whitley. This will prove without a doubt that the procedural safeguards outlined under 45 C.F.R.§ 303.6 are not implemented in Mr. Childers's civil contempt proceeding.

2.)    Issue a writ of habeas corpus under 28 U.S.C. 2254(2)(f) due to the current threat of unconstitutional incarceration or other legal action that will ensure that Mr. Childers will have the ability to plead his case in The United States District Court of Eastern Virginia. Also, such action should give Mr. Childers the ability to appeal this complaint.

3.)    The plaintiff requests this district court to compel, force, command or provide a firm notification to the defendants that they must comply with federal law either by writ of mandamus or injunctive relief.

**33**

4.)     Provide notice to The Attorney General of The Commonwealth of

Virginia that the plaintiff questions the constitutionality of state statutes §

16.1-278.16,  § 16.1-292 and § 16.1-278.15 under rule 5.1.


Jan. 4, 20/9

**34**